**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Erick Antonio Pinell, Juan Francisco Jarquin, Gerald Oswaldo Urbina and Michael Antonio Rodriguez, individually, and on behalf of those similarly situated, <br><br>           Plaintiffs, <br><br>     v. <br><br> PROENTEL INDY LLC, Proentel USA LLC and Julio Guerrero, <br><br>           Defendants. | Case: 24-cv-00998-MPB-MJD |

**PLAINTIFFS COMBINED FLSA COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiffs Erick Antonio Pinell ("Pinell"), Juan Francisco Jarquin ("Jarquin"), Gerald Oswaldo Urbina ("Urbina") and Michael Antonio Rodriguez ("Rodriguez"), both individually, and on behalf of those similarly situated, (Pinell, Jarquin, Urbina and Rodriguez collectively referred to as "Plaintiffs"), brings this this combined FLSA collective action and Rule 23 class action against Defendants PROENTEL INDY LLC ("Proentel Indy"), Proentel USA LLC ("Proentel USA") and Julio Guerrero ("Guerrero"). Proentel Indy, Proentel USA and Guerrero collectively referred to as "Defendants". Plaintiffs will serve as the representative plaintiffs in the FLSA collective action and Rule 23 class action; in support thereof, would states as follows:

**INTRODUCTION**

1.      Plaintiffs, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendants and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, et seq.

2.      Plaintiffs' FLSA collective action and class action claims based upon Defendants class-wide

failure to pay employees wages based upon overtime and minimum wage requirements; this matter is appropriate for collective action treatment and will be easy to prove through obtainable evidence. Plaintiffs seek damages for unpaid wages, liquidated damages and reasonable attorneys' fees and costs. In addition, Plaintiffs seek compensation for Defendants' negligence under supplemental jurisdiction theories of recovery.

## JURISDICTION, VENUE AND PARTIES

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b) because the FLSA claim involves federal questions of law. The Court possesses supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and transactions as Plaintiffs federal claims such that they form part of the same controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Indianapolis, Indiana.

5. Plaintiff Pinell is an individual who resides in Indianapolis, Indiana. Pinell's Consent to Join Collective Action is attached as Exhibit A.

6. Plaintiff Jarquin is an individual who resides in Indianapolis, Indiana. Jarquin's Consent to Join Collective Action is attached as Exhibit B.

7. Plaintiff Urbina is an individual who resides in Indianapolis, Indiana. Urbina's Consent to Join Collective Action is attached as Exhibit C.

8. Plaintiff Rodriguez is an individual who resides in Indianapolis, Indiana. Rodriguez's Consent to Join Collective Action is attached as Exhibit D.

9. The proposed members of the collective are current and former employees of Defendants who were paid straight time and not paid overtime at the statutory rate directed by the FLSA.

10. At all relevant times, Plaintiffs and the proposed Collective Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e).

11. Defendant Proentel Indy is a registered Indiana Limited Liability Corporation located, headquartered, and conducting business in Indianapolis, Indiana.

12. Defendant Guerrero is a registered Member of the corporation and the Manager of Proentel Indy. Defendant Guerrero is not a minor or an incompetent person; and in relevant times to this Complaint, he was in charge of Proentel's employees; including Plaintiffs; has authority to determine hours worked and the amount of payments to Defendant Proentel's employees, including Plaintiffs.

13. Defendant Proentel USA is a registered Delaware Limited Liability Corporation conducting business in Indianapolis, Indiana.

14. Defendants Proentel USA and Proentel Indy are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; because they are engaged in interstate commerce or in the production of goods for interstate commerce; and advertises its services on the web.

## FACTS COMMON TO ALL CLAIMS

15. Defendants operates Proentel, a business in the telecommunications industry from the state of Indiana that provide services to the wireless, telecommunications and energy sectors.

16. Defendants employs over 25 laborers to design, plan, build and maintain telecommunications networks for their clients.

17. Plaintiff Pinell worked for Defendants from November 26, 2022, until March 26, 2023.

18. Plaintiff Jarquin worked for Defendants from July 2022, until February 17, 2023.

19. Plaintiff Urbina worked for Defendants from October 15, 2022, until February 17, 2023.

20. Plaintiff Rodriguez worked for Defendants from July 5, 2022, until February 17, 2023.

21. Plaintiffs were employed by Defendant Guerrero to work in Proentel USA as technical specialists to install and provide telecommunications antennas towers maintenance; required to

3

climb and work with electronics, hardware and cabling at tower sites with the purpose of installing, replacing or repairing antenna systems equipment.

22.     Many or all laborers, including Plaintiffs, were required to work more than forty (40) hours in a week.

23.     Defendants had a high rate of turnover for their employees. Accordingly, on information and belief, the collective membership would include more than forty (40) employees.

24.     Defendants implemented and mandated numerous policies for its laborers, including Plaintiffs, that violate federal wage laws and Indiana common law.

25.     Defendants are "employers" as that term is defined in Section 203 of the FLSA, because: (1) Defendants are privately owned for-profit entities; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

26.     Plaintiffs and members of the proposed collective/class are not exempt workers under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs bring this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former employees of Defendants who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

28.     Plaintiffs are members of the collective they seek to represent, because they were denied overtime wages earned during their week by virtue of the fact that they were paid the same wage for all hours worked in a work week; including the hours worked over forty (40).

29.     This action may be properly maintained as a collective action because Plaintiffs are similarly

4

situated to the putative Collective Plaintiffs with regards to their jobs duties. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA.

30. Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include at least forty members. The precise number of Collective Members should be readily available from Defendants personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). To the extent required by law, notice will be provided to these individuals via first class mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

31. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COUNT I: VIOLATIONS OF THE FLSA

32. Plaintiffs incorporate by reference Paragraphs 1 through 31, as if set forth in full herein for Paragraph 32.

33. At all times, Plaintiffs held the same position at Proentel, they were telecommunication technical laborers. Plaintiffs were "employees" of Defendants as that term is used in Section 203 of the FLSA because they were employed by Defendants to install, repair, replace antennas, radios, cables, fiber optic among other tasks related to telecommunication towers sites, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

34. Defendants were paying Plaintiffs an hourly rate of approximately $16.66 per hour.

35. On information and belief, Plaintiffs and all members of the proposed class were paid less than the prevailing overtime and minimum wages.

36. Although schedules are subject to change, Plaintiffs general schedule with Defendants required Plaintiffs to work on average 84 hours per week.

37. Plaintiffs were paid their wages on a biweekly basis.

38. Plaintiffs wages were not based on the number of jobs performed or completed, nor were based on the quality or efficiency of their performance.

39. Throughout the course of Plaintiffs employment with Defendants, Defendants regularly scheduled and directed Plaintiffs to work in excess of forty (40) hours per week.

40. Defendants did not pay Plaintiffs not less than one and a half (1.5) times the regular rate at which they were employed during the hours worked in excess of forty (40) hours per week.

41. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked.

42. Defendants' failure and refusal to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendants knew that its workers were unlawfully being deprived of wages.

43. Plaintiffs' unpaid weekly damages are representative of members of the proposed class.

44. As a result of Defendants unlawful conduct, Plaintiffs and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

45. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiffs and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

46. Plaintiffs and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

47. Defendants failed to properly pay wages to the amount that includes: (i) unpaid overtime wages; (ii) liquidated damages and (iii) Plaintiffs' attorney's fees and costs, to be determined.

48. Plaintiffs and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.

49. Plaintiffs have retained the law firm of Justicia Laboral LLC to represent them in this action. Plaintiffs entered into a valid contract with Justicia Laboral LLC and have appointed the undersigned counsel to be his agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiffs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Erick Antonio Pinell, Juan Francisco Jarquin , Gerald Oswaldo Urbina and Michael Antonio Rodriguez, respectfully request that the Court enters a judgment in their favor and all others similarly situated and against Defendants PROENTEL INDY LLC, Proentel USA LLC and Julio Guerrero, Inc. jointly and severally for:

A. A declaration that Defendants willfully violated the FLSA;

B. The certification of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. The amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks;

D. An award liquidated damages to be determined at trial;

E. An award reasonable attorneys' fees and costs;

F. A requirement to Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant Proentel USA as employees during the three years prior to the filing of this Complaint;

    G. Authorizing Plaintiffs' counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

    H. Granting judgment in favor of Plaintiffs and the Collective Members similarly situated on all damages available under the FLSA including unpaid wages, liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

    I. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

    J. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Collective Members;

    K. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

    L. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

    M. Awarding any further relief the Court deems just and equitable; and

    N. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

### COUNT II: INDIANA WAGE PAYMENT STATUTE CLAIMS

50. Plaintiffs incorporate by reference Paragraphs 1 through 26, as if set forth in full herein for Paragraph 50.

51. Plaintiffs have a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5.

52. Defendants failed to pay Plaintiffs and the members of the proposed class their wages include statutory overtime rate for hour worked over 40 in a week.

53. Defendants also failed to pay Plaintiffs their wages for many weeks.

54. Defendants work agreement with Plaintiffs included monthly bonuses that were not paid to Plaintiffs.

55. Plaintiffs voluntarily left their employment with Defendants after many requests for their unpaid wages.

56. The named Plaintiffs represent the same or similar interests of all current and former Proentel's hourly-paid employees.

57. Pursuant to I.C. 22-2-5-2, Plaintiffs by way of this Claim are seeking, individually and on behalf of members of the Class of current and former Proentel's hourly-paid employees, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

58. Plaintiffs further expressly asserts and alleges that Defendants acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when they intentionally refused to pay overtime and minimum wages, all of which resulted in underpaid wages on a class-wide basis.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Plaintiffs Erick Antonio Pinell, Juan Francisco Jarquin, Gerald Oswaldo Urbina and Michael Antonio Rodriguez, respectfully request that the Court enters a judgment in their favor and all others similarly situated against Defendants PROENTEL INDY LLC, Proentel USA LLC and Julio Guerrero, Inc. jointly and severally for:

   a) Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants during the two years prior to the filing of this Complaint;

b) Determine that this action may be maintained as a class action pursuant to the Payment Statute;

c) Declare that Defendants have violated the frequency of wage payments;

d) Enter a judgment for all unpaid wages worked by Plaintiffs and members of the class to be determined at trial;

e) Award all damages available under the Indiana Wage Payment Statute to Plaintiffs and the Class, for all unpaid wages, unpaid overtime rate wages, including as liquidated damages, an amount equal to two (2) times the amount of wages due the employees and payment of expenses;

f) Award all reasonable attorney's fees and all costs incurred prosecuting the claims as provided by the Ind. Code §22-2-5-2;

g) Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of the Class Members, and the risks they are undertaking;

h) Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

i) Awarding any further relief the Court deems just and equitable; and

j) Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

**Plaintiffs demand trial by jury.**

s/ James M. Dore

**Justicia Laboral LLC**
James M. Dore (ARDC No. 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300

Chicago, IL. 60646<br>
P: 773-415-4898<br>
E: <u>jdore@justicialaboral.com</u>