**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

Erick Antonio Pinell, Juan Francisco Jarquin,    )
Gerald Oswaldo Urbina and Michael Antonio Rodriguez,  )
individually, and on behalf of those similarly situated,  )
                               )  Case: **1:24-cv-00998-MPB-MJD**
              Plaintiffs,         )
    v.                          )
                               )
PROENTEL INDY LLC, Proentel USA LLC, Julio  )
Guerrero, Luis Andreani and Marco A Andreani Toro,  )
                               )
             Defendants.       )

**PLAINTIFFS' THIRD AMENDED FLSA COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

Plaintiffs Erick Antonio Pinell ("Pinell"), Juan Francisco Jarquin ("Jarquin"), Gerald Oswaldo Urbina ("Urbina") and Michael Antonio Rodriguez ("Rodriguez"), both individually, and on behalf of those similarly situated, (Pinell, Jarquin, Urbina and Rodriguez collectively referred to as "Plaintiffs"), brings this this combined Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. ("FLSA") collective action and Rule 23 ("Rule 23") class action against Defendants Proentel Indy LLC ("Proentel Indy"), Proentel USA LLC ("Proentel USA") Julio Guerrero ("Guerrero"), Luis Andreani and Marco A Andreani Toro ("Marco Andreani") (cumulatively referred to as "Defendants"). Plaintiffs will serve as the representative plaintiffs in the FLSA collective action and Rule 23 class actions; in support thereof, would states as follows:

**INTRODUCTION**

1.    Plaintiffs, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the FLSA, to recover unpaid overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendants, (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-1, et seq. and (c) a Rule 23 class action under Indiana Code Title 22; Labor and Safety § 22-2-2-4 ("Indiana

Labor Code").

Plaintiffs' FLSA collective action and class actions claims are based upon Defendants class-wide failure to pay employees wages based upon overtime and minimum wage requirements; this matter is appropriate for collective action treatment and will be easy to prove through obtainable evidence. Plaintiffs seek damages for unpaid wages, liquidated damages and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b) because the FLSA claim involves federal questions of law. The Court possesses supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and transactions as Plaintiffs federal claims such that they form part of the same controversy.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Indianapolis, Indiana.

4.     Plaintiff Pinell is an individual who resides in Indianapolis, Indiana. Pinell's Consent to Join Collective Action and Class Action is attached as Exhibit A.

5.     Plaintiff Jarquin is an individual who resides in Indianapolis, Indiana. Jarquin's Consent to Join Collective Action and Class Action is attached as Exhibit B.

6.     Plaintiff Urbina is an individual who resides in Indianapolis, Indiana. Urbina's Consent to Join Collective Action and Class Action is attached as Exhibit C.

7.     Plaintiff Rodriguez is an individual who resides in Indianapolis, Indiana. Rodriguez's Consent to Join Collective Action and Class Action is attached as Exhibit D.

8.     The proposed members of the collective are current and former employees of Defendants who were not paid overtime at the statutory rate directed by the FLSA and Indian law.

9.      At all relevant times, Plaintiffs and the proposed Class Members and proposed Collective Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e).

10.     Defendant Proentel Indy is an Indiana Limited Liability Corporation located, headquartered, and conducting business in Indianapolis, Indiana.

11.     Defendant Proentel USA was a Delaware Limited Liability Corporation conducting business in Indianapolis, Indiana.  Upon information and belief, Defendant Proentel USA is no longer operating.

12.     Defendant Guerrero is the Manager and a Member of Proentel Indy. Defendant Guerrero has the authority to determine the hours worked and the amount of payments to Defendant Proentel Indy's employees.

13.     While Defendant Proentel USA was operating, Defendant Guerrero was the manager of Proentel USA employees, including Plaintiffs.  Defendant Guerrero had authority to determine the hours worked and the amount of payments to Defendants' employees, including Plaintiffs. Defendant Guerrero solicited and engaged Plaintiffs to perform work for Proentel USA and is an authorized signer for Proentel USA's bank account.

14.     Defendant Guerrero regularly communicated with some or all of the Plaintiffs regarding their work.

15.     Defendants Proentel USA and Proentel Indy (Proentel USA and Proentel Indy collectively referred to as "Proentel's") share the same website.

16.     Defendant Luis Andreani is a member of Defendant Proentel USA; on information and belief he is a resident of Indiana. Luis Andreani had authority to determine the hours worked by Plaintiffs and the amount of payments to Defendant Proentel USA's employees. Defendant Luis Andreani is an officer of Defendant Proentel Indy.

17.    Defendant Marco Andreani was a manager and member of Defendant Proentel USA. Defendant Marco Andreani had authority to determine the hours worked by Plaintiffs and the amount of payments to Defendant Proentel USA's employees.

18.    Defendant Marco Andreani is a manager and member Defendant Proentel Indy; on information and belief he is a resident of Indiana. Defendant Marco Andreani has authority to determine the hours worked by Plaintiffs and the amount of payments to Defendant Proentel Indy's employees.

19.    Defendants Proentel USA and Proentel Indy operate or operated in the same industry, namely  the telecommunications industry.

20.    Since Defendant Proentel USA has ceased operations, Defendant Proentel Indy has taken over responsibilities for Defendant Proentel USA's clients and projects.

21.    Defendants Proentel USA and Proentel Indy are a joint enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; because they are engaged in interstate commerce or in the production of goods for interstate commerce; and advertises their services on the web.

### FACTS COMMON TO ALL CLAIMS

22.    Within the state of Indiana, Defendants operate a businesses in the telecommunications industry that provide services to the wireless, telecommunications and energy sectors.

23.    While in operation, Defendants employ or employed over 25 laborers to design, plan, build and maintain telecommunications networks for their clients.

24.    Plaintiff Pinell worked for Defendants from November 26, 2022, until March 26, 2023.

25.    Plaintiff Jarquin worked for Defendants from July 2022, until February 17, 2023.

26.    Plaintiff Urbina worked for Defendants from October 15, 2022, until February 17, 2023.

27.    Plaintiff Rodriguez worked for Defendants from July 5, 2022, until February 17, 2023.

28.    Plaintiffs were employed by Defendants to work  as technical specialists to install and provide telecommunications antennas towers maintenance; required to climb and work with electronics, hardware and cabling at tower sites with the purpose of installing, replacing or repairing antenna systems equipment.

29.    Many employees, including Plaintiffs, were required to work more than forty (40) hours in a week.

30.    Defendants had a high rate of turnover for their employees. Accordingly, on information and belief, the collective and class membership would include more than forty (40) employees.

31.    Defendants implemented and mandated numerous policies for its laborers, including Plaintiffs, that violate federal wage laws, the Indiana Labor Code, and Indiana common law.

32.    Defendants Julio Guerrero, Luis Andreani and Marco A Andreani Toro are "employers" as that term is defined in Section 203 of the FLSA, because: (1) they own and/or operate privately owned for-profit entities; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

33.    Defendants Proentel Indy and Pronetel USA are "employers" as that term is defined in Section 203 of the FLSA, because: they are privately owned for-profit entities; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

34.    Plaintiffs and members of the proposed collective and proposed classes are not exempt

workers under the FLSA.

## SUCCESSOR LIABILITY FOR PROENTEL INDY

35.    Defendant Proentel Indy succeeded to the operations of Proentel USA when Proentel USA ceased operating within Indiana.

36.    Defendants Proentel Indy and Proentel USA share common ownership.

37.    Defendants Proentel Indy and Proentel USA share common management.

38.    Defendants Proentel Indy and Proentel USA operate or have operated in the same industry.

39.    After Defendant Proentel USA ceased operating, Defendant Proentel Indy substantially continued its operations.

40.    After Defendant Proentel USA ceased operating, Defendant Proentel Indy substantially continued its operations.

41.    Defendant Proentel Indy was on notice of the nature and extent of Plaintiffs' claims when it succeeded to the operations of Defendant Proentel USA.

42.    At the time Defendant Proentel USA ceased operating, Defendant Proentel Indy knew Defendant Proentel USA would not be able to pay a judgment obtained against it.

43.    The equities in the case balance in favor of holding Defendant Proentel Indy liable as successor in interest to Defendant Proentel USA's liabilities to Plaintiffs and the proposed classes/collective.

## COLLECTIVE ACTION ALLEGATIONS

44.    Plaintiffs bring Count 1 as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former employees of Defendants who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

45.    Plaintiffs are members of the collective they seek to represent, because they were denied overtime wages earned during their week by virtue of the fact that they were paid the same wage for all hours worked in a work week; including the hours worked over forty (40).

46.    This action may be properly maintained as a collective action because Plaintiffs are similarly

situated to the putative Collective Plaintiffs with regards to their job duties. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA.

47.    Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include at least forty members. The precise number of Collective Members should be readily available from Defendants' personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). To the extent required by law, notice will be provided to these individuals via first class mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

48.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

**COUNT I: VIOLATIONS OF THE FLSA**

49.    Plaintiffs incorporate by reference Paragraphs 1 through 48, as if set forth in full herein for Paragraph 49.

50.    At all times, Plaintiffs were telecommunication technical laborers. Plaintiffs were "employees" of Defendants as that term is used in Section 203 of the FLSA because they were employed by Defendants to install, repair, replace antennas, radios, cables, fiber optic among other tasks related to telecommunication towers sites, and they do not fall into any of the exceptions or

exemptions for workers under the FLSA.

51. Defendants were paying Plaintiffs an hourly rate of approximately $16.66 per hour.

52. On information and belief, Plaintiffs and all members of the proposed collective and class(es) were paid less than the prevailing overtime and minimum wages.

53. Although schedules are subject to change, Plaintiffs' general schedule with Defendants required Plaintiffs to work on average 84 hours per week.

54. Plaintiffs were paid their wages on a biweekly basis.

55. Plaintiffs wages were not based on the number of jobs performed or completed, nor were based on the quality or efficiency of their performance.

56. Throughout the course of Plaintiffs employment with Defendants, Defendants regularly scheduled and directed Plaintiffs to work in excess of forty (40) hours per week.

57. Defendants did not pay Plaintiffs not less than one and a half (1.5) times the regular rate at which they were employed during the hours worked in excess of forty (40) hours per week.

58. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked.

59. Defendants' failure and refusal to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendants knew that its workers were unlawfully being deprived of wages.

60. Plaintiffs' unpaid weekly damages are representative of members of the proposed class.

61. As a result of Defendants unlawful conduct, Plaintiffs and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

62. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiffs and

the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

63.    Plaintiffs and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

64.    Defendants failed to properly pay wages to the amount that includes: (i) unpaid overtime wages; (ii) liquidated damages and (iii) Plaintiffs' attorney's fees and costs, to be determined.

65.    Plaintiffs and members of the proposed collective may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit.

66.    Plaintiffs have retained the law firm of Justicia Laboral LLC to represent them in this action. Plaintiffs entered into a valid contract with Justicia Laboral LLC and have appointed the undersigned counsel to be his agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiffs. *See* Exhibits A; B; C and D attached hereto.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Erick Antonio Pinell, Juan Francisco Jarquin, Gerald Oswaldo Urbina and Michael Antonio Rodriguez, respectfully request that the Court enters a judgment in their favor and all others similarly situated and against Defendants PROENTEL INDY LLC, Proentel USA LLC, Julio Guerrero, Luis Andreani and Marco A Andreani Toro, jointly and severally for:

A.  A declaration that Defendants willfully violated the FLSA;

B.  The certification of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of

the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. The amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks;

D. An award liquidated damages to be determined at trial;

E. An award reasonable attorneys' fees and costs;

F. A requirement to Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant Proentel USA as employees during the three years prior to the filing of this Complaint;

G. Authorizing Plaintiffs' counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

H. Granting judgment in favor of Plaintiffs and the Collective Members similarly situated on all damages available under the FLSA including unpaid wages, liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

I. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

J. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Collective Members;

K. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

L.   Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

M.   Awarding any further relief the Court deems just and equitable; and

N.   Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

## COUNT II: INDIANA WAGE PAYMENT CLASS CLAIMS – FAILURE TO PAY EARNED WAGES

67.   Plaintiffs incorporate by reference Paragraphs 1 through 43, as if set forth in full herein for Paragraph 67.

## CLASS ALLEGATIONS

68.    Plaintiffs bring Count 2 of this Complaint under the Indiana Wage Payment Statute, I.C. 22-2-1 et seq ("IWPS") as a class action pursuant to Fed. R. Civ. P. 23.

69.    Plaintiffs will seek to certify, as a class action and request the Court to determine the rights of the parties and to direct the Defendants to account for all hours worked and wages paid to the Class members during the temporality of the Class.

70.   Plaintiffs brings the Indiana state law counts as class actions pursuant to Rule 23, et seq. because:

A.   The Class of current and former employees of Defendant that Plaintiff seeks to represent is so numerous and, on information and belief exceeds forty (40) individuals, that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs believes at least 40 similarly-situated employees exist for the limitations period related to the claim(s). The Class would include both current and former employees of Defendant.

B.   The class representatives and the Class members have been similarly affected by Defendants' failure to pay proper wages, in violation of Indiana state law.

C.    Furthermore, many Class members are likely still employed by Defendants, and they may be reluctant to raise individual claims for fear of retaliation.

D.    There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members, rendering a class action as superior to other available methods for fairly and efficiently adjudicating the controversy. These common questions of law and fact include, without limitation, whether:

i.    Defendants failed to pay Plaintiffs and the Class properly for all hours worked, including those hours where they were required to travel from destination to destination and ate lunch while working compensable time and whether Defendants paid the proper overtime for all hours Plaintiff and the Class worked.

E.    The class representative suffered the same or similar injury as the class members arising out of the same conduct by Defendant, and the claims of the class representative are typical of the claims of the class, to wit: Defendants failed to pay Plaintiff and the Class for all hours worked. Plaintiffs and the Class have a commonality of interest in the subject matter and remedy sought.

F.    The class representatives can fairly and adequately represent and protect the interests of the class, because s/he is a member of the putative class, and s/he has the same or similar injury as other members of the class, to wit, the failure to receive proper wages for all hours worked for Defendants.

G.    If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

H.    The Defendants' books and records are material to Plaintiffs' action because they may disclose certain information about the hours worked by each employee, the rate of pay for that work, and the deductions from the Plaintiffs' and Class's paychecks and pay records.

I.    Defendants violated the Indiana Minimum Wage Law and the IWPS statutes by refusing to compensate Plaintiffs and the Class for all hours they worked for Defendant and for failing to pay the proper rate for all hours worked.

Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## THE IWPS

71.    I.C. § 22-2-5-1 provides that: "Every person, firm, corporation, limited liability company,

or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee."

72.     I.C. 22-2-5-2 provides: "Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall be liable to the employee for the amount of unpaid wages, and the amount may be recovered in any court having jurisdiction of a suit to recover the amount due to the employee. The court shall order as costs in the case a reasonable fee for the plaintiff's attorney and court costs. In addition, if the court in any such suit determines that the person, firm, corporation, limited liability company, or association that failed to pay the employee as provided in section 1 of this chapter was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee."

73.     Defendants failed to pay Plaintiffs and the proposed class members their wages, including bonuses and overtime, within the time frame required under I.C. 22-2-5-1.

74.     Plaintiffs voluntarily left their employment with Defendants after many requesting their unpaid wages.

75.     Plaintiffs represent the same or similar interests of all current and former Defendants' hourly-paid employees.

76.     Pursuant to I.C. 22-2-5-2, Plaintiffs seek, individually and on behalf of members of a proposed class of current and former hourly-paid employees, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

77.     Defendants failed to pay Plaintiffs and the proposed class members for all work performed in violation of the Indiana Code.

78.     Defendants acted in bad faith; they did not act or comply with the Indiana Code in good faith when they intentionally refused to pay all earned wages.

79.     Plaintiffs have retained the law firm of Justicia Laboral LLC to represent them in this class action. Plaintiffs entered into a valid contract with Justicia Laboral LLC and have appointed the undersigned counsel to be their agents, attorneys-in-fact, and representatives in this suit.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs Erick Antonio Pinell, Juan Francisco Jarquin, Gerald Oswaldo Urbina and Michael Antonio Rodriguez, respectfully request that the Court enters a judgment in their favor and all others similarly situated and against Defendants PROENTEL INDY LLC, Proentel USA LLC, Julio Guerrero, Luis Andreani and Marco A Andreani Toro, jointly and severally for:

a) Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants during the two years prior to the filing of this Complaint;

b) Determine that this action may be maintained as a class action pursuant to the IWPS;

c) Declare that Defendants have violated the frequency of wage payments;

d) Enter a judgment for all unpaid wages worked by Plaintiffs and members of the class to be determined at trial;

e) Award all damages available under the IWPS to Plaintiffs and the Class, for all unpaid wages, unpaid overtime rate wages, including as liquidated damages, an amount equal

to two (2) times the amount of wages due the employees and payment of expenses;

f) Award all reasonable attorney's fees and all costs incurred prosecuting the claims as provided by the Ind. Code §22-2-5-2;

g) Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of the Class Members, and the risks they are undertaking;

h) Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

i) Awarding any further relief the Court deems just and equitable; and

j) Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

## COUNT III: INDIANA LABOR CODE CLASS CLAIM - FAILURE TO PAY OVERTIME

80.    Plaintiffs incorporate by reference Paragraphs 67-70, as if set forth in full herein for Paragraph 80.

81.    Plaintiffs brings Count III of this Complaint under I.C. § 22-2-2-1 *et seq* ("Indiana Minimum Wage Law") as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other employees of the same employers who are similarly situated.

82.    Plaintiffs will seek to certify Count III as a class action for the Indiana Minimum Wage Law claim; Plaintiffs seek the Court to determine the rights of the parties and to direct the Defendants to account for all unpaid overtime wages owed to the class members during the temporality of the Class.

83.    The Indiana Minimum Wage Law, § 22-2-2-4 (f), provides: "(f) Except as otherwise

provided in this section, no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed."

84.    Defendants directed Plaintiffs and the proposed Class Members to work as employees, but they were not compensated at least at the Indiana-mandated minimum wage rate, including the required overtime rate, for all time worked.

85.    Plaintiffs and the proposed Class were entitled to be paid not less than the minimum wage for all hours worked in individual work weeks, including time-and-one-half pay for all hours worked in excess of forty (40) hours per week.

86.    Defendants did not pay Plaintiffs and the proposed Class the minimum wage for all hours worked in individual work weeks.

87.    Defendants' failure to pay Plaintiffs and the proposed Class the time-and-one-half pay for all hours worked in excess of forty (40) hours per week is a violation of the Indiana Minimum Wage Law.

88.    Pursuant to Ind. Code § § 22-2-2-9, Plaintiffs and the proposed Class are entitled to recover unpaid minimum wages and overtime for all hours worked in excess of forty (40) hours per week for three (3) years prior to the filing of this suit, an equal additional amount as liquidated damages, plus attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Erick Antonio Pinell, Juan Francisco Jarquin, Gerald Oswaldo Urbina and Michael Antonio Rodriguez, respectfully request that the Court enters a judgment in their favor and all others similarly situated and against Defendants PROENTEL INDY LLC,

Proentel USA LLC, Julio Guerrero, Luis Andreani and Marco A Andreani Toro, jointly and severally for:

a.      Determine that this action may be maintained as a class action;

b.      Declare that Defendants have violated the Indiana Minimum Wage Law;

c.      Enter a judgment for all unpaid overtime worked by Plaintiffs and members of the class for hours worked in excess of forty hours per week for the three years preceding the filing of this lawsuit, to be determined at trial;

d.      Determine that the Defendants are jointly and severally liable for the amount of wages due to the Plaintiffs and members of the class for the amount of their unpaid minimum wages and in an equal additional amount as liquidated damages;

e)      Award all reasonable attorney's fees and all costs incurred prosecuting the claims as provided by the Indiana Minimum Wage Law;

f)      Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of the Class Members, and the risks they are undertaking;

g)      Award appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

h)      Require Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants during the three years prior to the filing of this Complaint;

i)      Award any further relief the Court deems just and equitable; and

j)      Grant leave to add additional case plaintiff(s) by motion, the filing of written

consent forms, or any other method approved by the Court.

**Plaintiffs demand trial by jury.**

s/ James M. Dore
_____
**Justicia Laboral LLC**
James M. Dore (ARDC No. 6296265)
*Attorney for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com

# EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION AND CLASS ACTION

1.    I, Erick Antonio Pinell Salgado _____, consent to sue as a Plaintiff in this collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq*. ("FLSA") and any action under the Indiana Labor Code ("Indiana Code").

2.    I am over the age of eighteen and competent to give my consent in this matter.

3.    I consent and agree to pursue my claims for wages, overtime amounts, that I allege are due to me for work I performed for which I allege the Defendants are liable.

4.    I understand that this lawsuit is brought under the FLSA and the Indiana Code to recover unpaid overtime wages, and/or other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

5.    I choose to be represented by class counsel Justicia Laboral LLC for all purposes in this action and to take any steps necessary to pursue my claims.

6.    I consent and agree to act as representative class representative for any other claims for which I allege the Defendants are liable.

7.    This consent was translated for me into Spanish by an employee of Justicia Laboral LLC prior to signing.

**Date Signed:** _____10/18/2024_____    **Signature:** _____

Firmado por:

3705AFD4346A456...

# EXHIBIT B

## CONSENT TO JOIN COLLECTIVE ACTION AND CLASS ACTION

1.    I, Juan Francisco Jarquin Rodriguez _____, consent to sue as a Plaintiff in this collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.* ("FLSA") and any action under the Indiana Labor Code ("Indiana Code").

2.    I am over the age of eighteen and competent to give my consent in this matter.

3.    I consent and agree to pursue my claims for wages, overtime amounts, that I allege are due to me for work I performed for which I allege the Defendants are liable.

4.    I understand that this lawsuit is brought under the FLSA and the Indiana Code to recover unpaid overtime wages, and/or other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

5.    I choose to be represented by class counsel Justicia Laboral LLC for all purposes in this action and to take any steps necessary to pursue my claims.

6.    I consent and agree to act as representative class representative for any other claims for which I allege the Defendants are liable.

7.    This consent was translated for me into Spanish by an employee of Justicia Laboral LLC prior to signing.

**Date Signed:** _____10/19/2024_____    **Signature:** _____

# EXHIBIT C

## CONSENT TO JOIN COLLECTIVE ACTION AND CLASS ACTION

1.   I, _Gerald Oswaldo Urbina_____, consent to sue as a Plaintiff in this collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq.* ("FLSA") and any action under the Indiana Labor Code ("Indiana Code").

2.   I am over the age of eighteen and competent to give my consent in this matter.

3.   I consent and agree to pursue my claims for wages, overtime amounts, that I allege are due to me for work I performed for which I allege the Defendants are liable.

4.   I understand that this lawsuit is brought under the FLSA and the Indiana Code to recover unpaid overtime wages, and/or other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

5.   I choose to be represented by class counsel Justicia Laboral LLC for all purposes in this action and to take any steps necessary to pursue my claims.

6.   I consent and agree to act as representative class representative for any other claims for which I allege the Defendants are liable.

7.   This consent was translated for me into Spanish by an employee of Justicia Laboral LLC prior to signing.

**Date Signed:** ___10/22/2024___    **Signature:** _____

Firmado por:

A39923FAB08E42E...

# EXHIBIT D

## CONSENT TO JOIN COLLECTIVE ACTION AND CLASS ACTION

1.    I, _Michael Antonio Rodriguez Perez_____, consent to sue as a Plaintiff in this collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et. seq*. ("FLSA") and any action under the Indiana Labor Code ("Indiana Code").

2.    I am over the age of eighteen and competent to give my consent in this matter.

3.    I consent and agree to pursue my claims for wages, overtime amounts, that I allege are due to me for work I performed for which I allege the Defendants are liable.

4.    I understand that this lawsuit is brought under the FLSA and the Indiana Code to recover unpaid overtime wages, and/or other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

5.    I choose to be represented by class counsel Justicia Laboral LLC for all purposes in this action and to take any steps necessary to pursue my claims.

6.    I consent and agree to act as representative class representative for any other claims for which I allege the Defendants are liable.

7.    This consent was translated for me into Spanish by an employee of Justicia Laboral LLC prior to signing.

**Date Signed:** ____10/18/2024____    **Signature:** _____